IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES RAY GIBSON, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-140 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  Petitioner is presently incarcerated at the Clements Unit in Amarillo, Texas pursuant to two (2) convictions in 2008 out of Terry County, Texas (possession of a controlled substance and bail jumping) and the resultant 20-year sentences assessed in each case.[1]  *State v. Gibson*, Nos. 5471, 5472.  Petitioner does not challenge these 2008 convictions but, instead, raises claims in this proceeding relating to a discharged 2-year sentence (which was stacked on a prior sentence) for possession of a deadly weapon in a penal institution imposed April 30, 1997 out of Madison County, Texas.  *State v. Gibson*, No. 9692-12-03.  For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable ground for relief and should be DISMISSED.

---

[1] Petitioner has also discharged a 4-year sentence for theft imposed July 11, 1994, and a 2-year sentence for evading arrest imposed September 23, 2002 , both sentences out of Terry County, Texas.  *See State v. Gibson*, Nos. 3576, 4907.

I.
PETITIONER'S ALLEGATIONS

As grounds, petitioner alleges:

1. "I was falsely imprisoned three (3) times after I completed my sentence in cause #9692-12-03" as a result of arrests pursuant to unlawful blue warrants issued by the Texas Board of Pardons and Paroles; and

2. "The Texas Board of Pardons and Paroles did commit abuse of process after [petitioner] was released" by issuing unlawful blue warrants for petitioner's arrest.

Petitioner does not contend the sentences he is currently serving as a result of his 2008 convictions are unconstitutional. Instead, petitioner challenges the manner he served his prior, discharged sentence in Cause No. 9692-12-03, as well as the actions of the Texas Board of Pardons and Paroles in effecting petitioner's release to mandatory supervision and issuing arrest warrants for alleged parole violations. Petitioner appears to argue (1) the Board erred in placing him on mandatory supervised release because he had discharged his sentence in Cause No. 9692-12-03, (2) the Board erred in issuing the blue warrants for his arrest for alleged parole violations, and (3) that the arrests and detentions pursuant to those blue warrants constituted false imprisonment. Petitioner explains he is seeking federal habeas corpus relief because "until [he has] prevailed in habeas and can show this conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question, any civil rights claim on the same basis is legally frivolous."

II.
PETITIONER FAILS TO PRESENT ANY
COGNIZABLE HABEAS CORPUS CLAIMS

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

*Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). Petitioner does not challenge his current imprisonment, nor does he seek a determination that he is entitled to immediate release or a speedier release from his confinement. Further, petitioner does not specifically allege there are any unconstitutional aspects of his current confinement. Instead, petitioner simply seeks a determination that the Texas Board of Pardons and Paroles acted wrongfully in 1999 and 2000. That relief is not available in a federal habeas corpus proceeding, and petitioner fails to assert any constitutional violations which are cognizable in habeas corpus.

### III.
### IN CUSTODY REQUIREMENT

The purpose of a federal writ of habeas corpus is to provide relief to a petitioner by freeing him from custody imposed in violation of the Constitution or laws of the United States. Consequently, in order to pursue federal habeas corpus relief, a petitioner must show he is, in fact, "in custody." *See* 28 U.S.C. §§ 2241(c). Where a petitioner challenges his state custody, he must show he is in custody under the judgment and sentence of a state court, and that such custody is in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001). <u>Specifically, the petitioner must be in custody pursuant to the conviction or sentence challenged in the federal habeas corpus petition.</u> *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). A habeas petitioner does not remain "in custody" after the sentence imposed for a conviction has fully expired and the petitioner suffers no present restraint as a result of the conviction. *Id.* at 491-92, 109 S.Ct. at 1925-26. Where a petitioner is not "in custody" under the challenged conviction, the district court lacks subject matter jurisdiction to

consider the federal habeas petition. *Pleasant v. Texas*, 134 F.3d 1256, 1259 (5th Cir. 1998).

Petitioner does not challenge a specific conviction or sentence in this proceeding, much less challenge convictions or sentences for which he is presently confined. To the extent, if any, he challenges the execution of his 2-year sentence in Cause No. 9692-12-03, such sentence has expired and has been fully discharged. Petitioner is no longer "in custody" pursuant to that sentence. Because petitioner is no longer in custody, there is no relief this Court could provide him in a federal habeas corpus proceeding. The Court lacks the subject matter jurisdiction to hear this case. *See Maleng*, 490 U.S. at 490-91, 109 S.Ct. at 1925; *Pleasant*, 134 F.3d at 1259.

## IV.
## STATUTE OF LIMITATIONS

Even if the instant federal habeas application was an appropriate challenge to a conviction and/or sentence, it would be time barred. Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

All of petitioner's convictions became final more than a year prior to the filing of this habeas corpus petition, and there is no indication petitioner was not aware of the factual predicate of the claims he now asserts when they occurred, which was more than a year prior to the date this proceeding was initiated. Petitioner's habeas application is time barred.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner CHARLES RAY GIBSON, JR. be DISMISSED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of November 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).